UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>**CRISTIAN SANTAY-ROSALES,**<br><br>*Defendant.* | Case No. 1:20-cr-243-RCL-2 |

## MEMORANDUM OPINION

In 2020, defendant Cristian Santay-Rosales was charged with four federal crimes: one count of conspiracy to commit carjacking and three counts of carjacking and aiding and abetting the same. Indictment, ECF No. 5. Mr. Santay-Rosales pleaded guilty to all four charges and was sentenced to a total of 121 months' imprisonment. Plea Agreement, ECF No. 28; J., ECF No. 67. Mr. Santay-Rosales now moves *pro se* to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* Def.'s Mot., ECF No. 78. The government opposes Mr. Santay-Rosales's motion and urges the Court to summarily deny his claims as vague, procedurally barred, and without merit. *See* Gov't Opp'n, ECF No. 89.

Upon consideration of the parties' filings, the applicable law, and the record, the Court will **DENY** Mr. Santay-Rosales's § 2255 motion.

### I. BACKGROUND

On October 26, 2020, Mr. Santay-Rosales, who had recently turned 18 years old, and codefendants Romeo Francisco Ramirez and Diego Rigoberto Lopez engaged in a carjacking spree throughout northwest and northeast Washington, D.C. Final Presentence Investigation Rep. ("PSR") ¶ 28, ECF No. 41. Mr. Santay-Rosales ultimately admitted responsibility for six carjackings over a nearly twelve-hour period. *Id.*; ¶¶ 13–25. Mr. Santay-Rosales and his co-

1

defendants followed a similar pattern for each carjacking; the defendants would identify a "target vehicle" and drive up to it in a vehicle they had already stolen. *Id.* ¶¶ 13–21. Ramirez would approach the driver of the target vehicle brandishing a firearm and order the driver out of the car. *Id.* Once the target vehicle was seized, Ramirez would enter the driver's seat, sometimes with Mr. Santay-Rosales. *Id.* At approximately 7:01 p.m. that day, Metropolitan Police Department ("MPD") officers observed Mr. Santay-Rosales and Lopez in a stolen vehicle and initiated a traffic stop. *Id.* ¶ 22. Mr. Santay-Rosales and Lopez fled and led MPD officers in a chase. *Id.* They ran through several red lights and drove at high speeds on the wrong side of the road before crashing and rolling over. *Id.* Mr. Santay-Rosales fled on foot before he was apprehended by MPD officers. *Id.*

On November 3, 2020, Mr. Santay-Rosales was charged by indictment with one count of conspiracy to commit carjacking in violation of 18 U.S.C. § 371 and three counts of carjacking and aiding and abetting in violation of 18 U.S.C. §§ 2119(1), 2. Indictment at 1–9. David Bos of the Federal Public Defender ("plea counsel") was appointed to represent Mr. Santay-Rosales. Minute Entry (Oct. 29, 2020).

Mr. Santay-Rosales, in consultation with plea counsel, executed and signed a written plea agreement with the government. *See* Plea Agreement. In the plea agreement, Mr. Santay-Rosales agreed that he was pleading guilty to Count Two because he was "in fact guilty." *Id.* at 10. In so doing, Mr. Santay-Rosales averred that the Statement of the Offense "fairly and accurately describe[d] [his] actions and involvement" in the offense. *Id.* ¶ 3. Mr. Santay-Rosales also agreed that he had "read every page of [the] Agreement," "discussed it with [his] attorney," and "fully underst[ood the] Agreement and agree[d] to it without reservation." *Id.* at 10. In the plea

agreement, Mr. Santay-Rosales attested that he was "satisfied with the legal services provided by [his] attorney in connection with [the] Agreement and the matters related to it." *Id.*

The plea agreement contained—and Mr. Santay-Rosales assented to—several express waivers. Specifically, Mr. Santay-Rosales agreed to waive his right to directly appeal his sentence, except for his rights to appeal a sentence imposed beyond the statutory maximum or U.S. Sentencing Guidelines range and to appeal based on ineffective assistance of counsel. Plea Agreement ¶ 10(C). Furthermore, Mr. Santay-Rosales agreed to waive "any right to challenge the conviction entered or sentence imposed" through a motion brought under 28 U.S.C. § 2255, unless "such a motion is based on newly discovered evidence or on a claim that [Mr. Santay-Rosales] received ineffective assistance of counsel." *Id.* ¶ 10(D).

Finally, Mr. Santay-Rosales agreed to several provisions regarding sentencing. As relevant here, Mr. Santay-Rosales agreed that his sentence would be "determined by the Court, pursuant to the factors sector forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines," *id.* ¶ 5, and that "the sentence to be imposed is a matter solely within the discretion of the Court," *id.* ¶ 8. He further agreed to the government's estimated offense level calculations under the Guidelines. *Id.* Specifically, he agreed that U.S.S.G. § 2B3.1(b)(2)(A), which provides a 5-point enhancement for the brandishing of a firearm during a robbery, applied to his case. *Id.* The Court held a plea hearing and accepted Mr. Santay-Rosales's plea. Minute Entry (04/15/2021).

On December 3, 2021, the Court held a sentencing hearing. Minute Entry (12/03/2021). The Court adopted the Probation Office's Sentencing Guidelines calculation, including the U.S.S.G. § 2B3.1(b)(2)(A) enhancement, and determined a Guidelines range of 97 to 121 months' incarceration. Sent'g Hr'g Tr. at 3:10–17, ECF No. 62; PSR ¶¶ 41, 47, 53, 59, 65, 71; Sent'g R. & R. at 1, ECF No. 42.

During the government's allocution, the government directly addressed the enhancement, arguing that Mr. Santay-Rosales "[could not] disclaim responsibility for brandishing a firearm just because it was Mr. Ramirez who had the gun in his hand" because Mr. Santay-Rosales was a "but-for cause of these offenses, and without [him Ramirez] could not have committed these crimes." Sent'g Hr'g Tr. at 5:4–9. In response, plea counsel acknowledged that "Mr. Santay-Rosales is accountable for the conduct of Mr. Ramirez," but aimed to distinguish the two by stressing that "Mr. Ramirez was the one with the gun that day. Mr. Ramirez was the one that was assaulting and threatening the individuals that were in the car." *Id.* at 11:25–12:4. After considering these arguments and others, the Court sentenced Mr. Santay-Rosales to a 60-month term of imprisonment on the first count of the indictment and a 121-month term for each of the second through fourth counts, to be served concurrently. J. at 2. The judgment of conviction was entered on December 22, 2021. *Id.* at 1. Mr. Santay-Rosales did not file a direct appeal. Def.'s Mot. at 4–5.

On November 19, 2022, Mr. Santay-Rosales filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See id.* at 11. Mr. Santay-Rosales makes two claims: (1) that his plea counsel was ineffective and (2) that the Court improperly applied the U.S.S.G. § 2B3.1(b)(2)(A) sentencing enhancement for brandishing a firearm because he did not personally brandish the firearm during the crimes. *Id.* at 3, 6, 8–9. The government opposes Mr. Santay-Rosales's motion on the grounds that his ineffective assistance of counsel claim is too vague and conclusory to establish an entitlement to relief, Gov't Opp'n at 4–5, and that his sentencing-enhancement argument is both procedurally barred and meritless, *id.* at 7–9. Mr. Santay-Rosales did not file a reply. His motion is now ripe for review.

4

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2255

Section 2255 permits a prisoner serving a federal sentence to move to "vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. The sentencing court is authorized to discharge or resentence a prisoner if (1) the sentence was imposed "in violation of the Constitution or laws of the United States"; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence "was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." *Id.* § 2255(a). Relief under § 2255 is an extraordinary remedy and is generally only granted "if the challenged sentence resulted from 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). The defendant carries the burden of sustaining his contentions by a preponderance of the evidence. *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973).

While a district court must construe prose filings liberally, *see Erickson v. Pardus*, 551 U.S. 94 (2007), the court need not hold an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### B. Cause and Prejudice

Usually, claims not raised on direct appeal may not be raised on collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id.*

If a defendant failed pursue a direct appeal or raise a particular claim on direct review, the claim may be raised on collateral review only if the defendant can show that there is sufficient "cause" excusing the double procedural default as well as actual prejudice resulting from the errors of which he complains. *United States v. Frady*, 456 U.S. 152, 167–68 (1982). To establish prejudice, a defendant "must at least demonstrate that 'there is a reasonable probability that, but for [the errors], the result of the proceeding would have been different.'" *United States v. Pettigrew*, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (alteration in original) (quoting *United States v. Dale*, 140 F.3d 1054, 1056 n.3 (D.C. Cir. 1998)).

### C. Ineffective Assistance of Counsel

To succeed on an ineffective assistance claim, a defendant must satisfy a two-part test that requires proof of both incompetence and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

To prove incompetence, a defendant must show that his attorney's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment[,]" *Strickland*, 466 U.S. at 687. This standard requires that a defendant's "representation fell below an objective standard of reasonableness" and "undermined the proper functioning of the judicial process [such] that the [process] cannot be relied on as having produced a just result." *Id.* at 686–88. A court should not scrutinize counsel's actions retrospectively but must, instead, evaluate counsel's performance based on how he would have viewed the case at the time, without the benefit of hindsight. *Id.* at 689. The court's assessment of counsel's performance must also be comprehensive rather than limited to a particular act or omission. *Morrison*, 477 U.S. at 386. Finally, the reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

To establish prejudice when a defendant pleaded guilty, he must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Smoot*, 918 F.3d 163, 169 (D.C. Cir. 2019) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). This standard requires the petitioner to show there "a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (internal quotations and modifications omitted). The defendant "must shoulder the burden of showing, not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Frady*, 456 U.S. at 170.

A failure to make the required showing on either prong defeats a defendant's ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700.

### III. DISCUSSION

Mr. Santay-Rosales's motion makes two claims: (1) that his plea counsel failed to adequately represent him in an unspecified way and (2) he should not have been subject to the sentencing enhancement for brandishing a firearm because he did not personally brandish a firearm during the carjackings. *See* Def.'s Mot. at 3, 6, 8–9. The government argues Mr. Santay-Rosales's ineffective assistance claim is vague and conclusory, and his sentencing-enhancement claim is procedurally barred. *See* Gov't Opp'n at 4–7. This Court agrees with the government on both points.

### A. Mr. Santay-Rosales's Plea Agreement Waived His Sentencing-Enhancement Claim

As a threshold matter, the express terms of Mr. Santay-Rosales's plea agreement preclude him from collaterally attacking his conviction on any grounds except for ineffective assistance of counsel. That plea agreement was accepted by the Court.

7

"A waiver of the right to appeal is generally enforceable, so long as it is knowing, intelligent, and voluntary." *United States v. Thomas*, 999 F.3d 723, 729 (D.C. Cir. 2021) (internal citation and quotation marks omitted). However, "a waiver should not be enforced insofar as a defendant makes a colorable claim he received ineffective assistance of counsel in agreeing to the waiver." *United States v. Guillen*, 561 F.3d 527, 530 (D.C. Cir. 2009) (citing *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc) (per curiam); *United States v. Teeter*, 257 F.3d 14, 25 n.9 (2001)). This is because a defendant's waiver cannot be knowing, intelligent, or voluntary if the "defendant's attorney failed to ensure the defendant understood the consequences of his waiver." *Id.* At the same time, when "'a defendant's complaints of his counsel's inadequacy plainly lack merit, a court cannot allow itself to be manipulated' into voiding a bargained-for waiver of the right to appeal." *Id.* at 530–31 (quoting *United States v. Cunningham*, 145 F.3d 1385, 1392 (D.C. Cir. 1998)).

Mr. Santay-Rosales has not made a colorable claim of ineffective assistance of counsel, *see* Part III.B, therefore the Court will enforce the plea agreement's waiver of the sentencing-enhancement claim. Even if he had not waived this claim, it would be procedurally barred because Mr. Santay-Rosales "has not even alleged, much less established, cause and prejudice to excuse his procedural default."[1] Gov't Opp'n at 7.

Accordingly, the Court must deny Mr. Santay-Rosales's sentencing-enhancement claim.

---

[1] Even if the claim were not procedurally barred, it is not clear that Mr. Santay-Rosales could raise it. Gov't Opp'n at 8–9. The U.S. Court of Appeals for the District of Columbia Circuit has not addressed the question of whether a Sentencing Guidelines error is a cognizable claim on collateral attack pursuant to 28 U.S.C. § 2255, and one other court in this District has acknowledged but did not answer the question. *See United States v. Peterson*, 916 F. Supp. 2d 102, 108–10 (D.D.C. 2013). Most circuit courts to address the issue have held that it is not. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc); *Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010); *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Graziano v. United States*, 83 F.3d 587, 590 (2nd Cir. 1996) (collecting cases). *But see Narvaez v. United States*, 674 F.3d 621, 630 (7th Cir. 2011) (holding that the defendant was entitled to § 2255 relief based on "a special and very narrow exception" to the general rule). Because Mr. Santay-Rosales may not raise his sentencing-enhancement claim, this Court need not weigh in on whether the claim is cognizable or meritorious today.

### B. Mr. Santay-Rosales's Ineffective Assistance of Counsel Claim is Timely and Not Procedurally Barred

Under the Anti-Terrorism and Effective Death Penalty Act, a defendant must bring any 28 § 2255 claims within one year of when the "judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). If a defendant does not appeal his conviction, the judgment of conviction becomes final fourteen days after entry of the judgment. *See* Fed. R. App. P. 4(b)(1); *United States v. Booker*, 564 F. Supp. 2d 7, 12 (D.D.C. 2008). Mr. Santay-Rosales did not appeal his sentence and thus his conviction became final on January 5, 2022. Mr. Santay-Rosales attested to placing his motion in the prison mailing system on November 19, 2022. Motions by *pro se* prisoners are considered filed when placed in the prison mailing system. *See Blount v. United States*, 860 F.3d 732, 741 (D.C. Cir. 2017). Because Mr. Santay-Rosales filed his motion within one year after his conviction became final, his motion is timely.

Additionally, the Court notes that Mr. Santay-Rosales's claim could be construed as procedurally barred because he did not pursue a direct appeal, nor does he rely on a new legal theory that was previously unavailable. *See Frady*, 456 U.S. at 168. However, his motion alleges ineffective assistance of his counsel. That claim, if true, could have prevented Mr. Santay-Rosales from exercising the opportunity to challenge his conviction on direct appeal. Thus, out of fairness to Mr. Santay-Rosales, and particularly because of his *pro se* status, the Court will not construe his claim as procedurally barred and instead will evaluate his claim on the merits.

### C. Mr. Santay-Rosales's Ineffective Assistance of Counsel Claim is Without Merit

Having determined that the only claim Mr. Santay-Rosales properly raises in his 28 U.S.C. § 2255 motion is his ineffective assistance of counsel claim, the Court will now address that claim. The government argues that Mr. Santay-Rosales's claim is vague and conclusory and

does not advance a viable claim or shows either cause or actual prejudice. Gov't Opp'n at 4–6. This Court agrees.

Mr. Santay-Rosales's motion does not specify how he believes that plea counsel performed deficiently except for statements that "[he] was letting [his] lawyer do his job" and "[he] thought [his] lawyer was going to do his job." Def.'s Mot. at 3, 8. When a defendant fails to "allege sufficient facts or circumstances 'upon which the elements of constitutionally deficient performance might properly be found,'" the Court is left with little choice but to deny his motion. *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998).

Even if the Court were liberally construe Mr. Santay-Rosales's motion as alleging that plea counsel was ineffective by (a) advising him to accept the plea agreement containing the waiver preventing him from collaterally attacking the sentencing enhancement, (b) not successfully arguing that the enhancement should not apply, or (c) not successfully advocating for a lower sentence, such arguments would be without merit.

Mr. Santay-Rosales cannot demonstrate that his attorney performed deficiently by advising him to accept the plea. Regarding deficiency, it is well-settled that a "prosecutor is not obligated to make a plea offer at all, let alone a plea offer on any particular terms." *United States v. Zaia*, 751 F. Supp. 2d 132, 143 (D.D.C. 2010). Dissatisfaction with the terms of a plea agreement alone cannot serve as a basis for an ineffective assistance of counsel claim. *See United States v. Brunetti*, 376 F.3d 93, 95 (2d Cir. 2004); *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998). Moreover, plea counsel's suggestion to Mr. Santay-Rosales that he accept the plea agreement with the sentencing enhancement and appeal waiver in exchange for a swift resolution of the case fell squarely within the "wide range of reasonable professional assistance" that *Strickland* protects. 466 U.S. at 689; Sent'g Hr'g Tr. at 15:17–19.

Similarly, Mr. Santay-Rosales cannot demonstrate that his attorney performed deficiently by not arguing that the U.S.S.G. § 2B3.1(b)(2)(A) enhancement did not apply. At sentencing, plea counsel acknowledged that Mr. Santay-Rosales was responsible for co-defendant Ramirez's conduct. *See* Sent'g Hr'g Tr. at 11:25–12:4. This statement reflected a correct understanding of the applicable law. *See* U.S.S.G. § 1B1.3(a) (2021) (noting that the district court may take into account all relevant conduct for sentencing purposes); *United States v. Mellen*, 393 F.3d 175, 182 (D.C. Cir. 2004) (holding that relevant conduct in a joint criminal activity includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity"). Thus, plea counsel's conduct met the requirements for constitutionally effective representation. *United States v. Gaviria*, 116 F.3d 1498, 1512 (D.C. Cir. 1997) ("[F]amiliarity with the structure and basic content of the Guidelines . . . has become a necessity for counsel who seek to give effective representation.") (alteration in original) (quoting *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992)). In fact, plea counsel went further to advocate that additional circumstances surrounding the offense, specifically his client's age and early acceptance of responsibility, among others, were factors that the Court could and should consider in its 18 U.S.C. § 3553(a) analysis to mitigate the enhancement. *See* Sent'g Hr'g Tr. at 7:16–10:6. These actions reflect that plea counsel did not perform deficiently.

Finally, Mr. Santay-Rosales cannot demonstrate that his attorney performed deficiently by failing to secure a lower sentence. The Court calculated a Sentencing Guidelines range of 97 to 121 months' incarceration for Mr. Santay-Rosales's offenses. Plea counsel advocated for a sentence of 60 months in prison, Def.'s Sent'g Mem. at 1, ECF No. 52, and the government requested 97 months, Gov't Sent'g Mem. at 1, ECF No. 54. Plea counsel's lengthy sentencing memorandum and allocution explained the reasoning behind counsel's recommendation,

specifically, why the Sentencing Guidelines range was inappropriate in this case and how Mr. Santay-Rosales's specific history and circumstances supported a lower sentence. *See generally* Def.'s Sent'g Mem.; Sent'g Hr'g Tr. at 7:16–16:5; *In re Sealed* Case, 901 F.3d 397, 403 (D.C. Cir. 2018) ("We have recognized that counsel fulfills an essential function at sentencing by navigating the sentencing guidelines and presenting the various considerations that may drive the court's sentencing determination."). Plea counsel's conduct plainly cleared the low bar of avoiding "errors 'so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *United States v. Soto*, 132 F.3d 56, 59 (D.C. Cir. 1997) (quoting *Strickland*, 466 U.S. at 687).

Even if he could establish deficiency, Mr. Santay-Rosales has not suffered any prejudice because he cannot claim that he would have opted for trial absent counsel's performance. He said as much himself at sentencing. *See, e.g.*, Sent'g Hr'g Tr. at 19:15–21 ("I want to say I was responsible for some of the stuff that happened that day, and I accept it, and I just want to apologize to the victims and . . . change my life around."); *id.* at 15:17–19 (plea counsel stating that "Mr. Santay-Rosales explained to me very early on that he wanted to get this case resolved as quickly as possible because he felt very badly about what had happened."). Nor could he show "a substantial, not just conceivable, likelihood of a different result" with respect to his sentence. *Cullen*, 563 U.S. at 189. Considering the parties' arguments in conjunction with Mr. Santay-Rosales's Guidelines calculations, his criminal history, and the nature and circumstances of the offense—engaging in a carjacking "spree for 12 hours, [involving] eight cars" and "terrorizing our citizens"—among other 18 U.S.C. § 3553(a) factors, the Court determined that a carceral sentence at the maximum end of the Guidelines range was appropriate in this case. Sent'g Hr'g Tr. at 12:8, 12:16, 20:3–11. The Court was well within its authority to sentence Mr. Santay-

Rosales to a sentence within the Sentencing Guidelines but above that requested by either party. *See United States v. Samuel*, 296 F.3d 1169, 1175 (D.C. Cir. 2002). And Mr. Santay-Rosales demonstrated his understanding of that principle through his plea agreement. Plea Agreement ¶¶ 5, 8. A defendant cannot establish prejudice under these circumstances. *See United States v. Ayers*, 938 F. Supp. 2d 108, 115 (D.D.C. 2013).

Because neither the vague allegation actually raised by Mr. Santay-Rosales nor the Court's liberal construction of additional claims he could have raised supports a finding that his counsel was ineffective or that counsel's performance caused him actual prejudice, Mr. Santay-Rosales's second claim must be denied.

### IV. CERTIFICATE OF APPEALABILITY

Before a final order denying a § 2255 motion can be appealed, a court must "issue or deny a certificate of appealability." Fed. R. Governing § 2255 Proceedings 1 1(b). A defendant may not appeal a final order without a certificate of appealability, which requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(3). A defendant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to process further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)) (internal quotation marks omitted). Mr. Santay-Rosales's claims are without merit. For these reasons, the Court finds that reasonable jurists would not debate whether Mr. Santay-Rosales's claims should proceed further. Mr. Santay-Rosales has not shown he was denied a constitutional right. The Court will thus decline to issue a certificate of appealability here for Mr. Santay-Rosales's claims.

## V. CONCLUSION

For these reasons, the Court concludes that Mr. Santay-Rosales's motion and the record in his case do not show entitlement to relief. No evidentiary hearing is warranted, *see* 28 U.S.C. § 2255(b), and the Court will **DENY** Mr. Santay-Rosales's motion. No certificate of appealability shall issue. A separate Order consistent with this Memorandum Opinion shall issue on this date.

SIGNED this 14th day of August, 2023.

Royce C. Lamberth
United States District Judge